IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANIEL ACOSTA | § | |
| | § | |
| v. | § | 2:13-CV-0204 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION TO DISMISS
PETITION FOR WRIT OF CORAM NOBIS**

Defendant DANIEL ACOSTA has filed a Petition for Writ of Coram Nobis. For the reasons set forth, the undersigned United States Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the petition be DISMISSED.

I.
FACTUAL AND PROCEDURAL HISTORY

On September 1, 2009, defendant was charged by indictment with the felony offense of possession with intent to distribute methamphetamine. The indictment specifically alleged defendant possessed "500 grams or more of a mixture and substance containing a detectable amount of methamphetamine." On December 22, 2009, defendant pled guilty to the charged offense. A Presentence Report (PSR) found defendant accountable for 7.89 kilograms of actual methamphetamine, the quantity and purity of which resulted in a base offense level of 38. Defendant received a 3-point reduction for acceptance of responsibility resulting in a Total Offense Level of 35. Defendant had a total criminal history score of 8 resulting in a Criminal History Category of IV. The PSR advised the mandatory minimum term of imprisonment

required by statute for the charged offense was 10 years, with the maximum term of imprisonment being life. Based on the Total Offense Level and Criminal History Category, the PSR set forth an advisory guideline range of 235 to 293 months imprisonment.

On March 5, 2010, the Court adopted the PSR and its addendum, but departed from the advisory guideline range and sentenced defendant to 188 months imprisonment in the Federal Bureau of Prisons, below the guideline range, because of "the nature and circumstances of the offense and the history and characteristics of the defendant." The Court noted a sentence below the guideline range was justified because defendant acted only as a "mule," was not aware of the purity of the methamphetamine he was transporting, had no prior felony convictions, and because the sentence met the Court's objectives of punishment and deterrence. Defendant did not file a direct appeal of his conviction or sentence, nor did he seek other post-conviction collateral review.

On October 16, 2013, however, defendant filed the instant Petition for a Writ of Coram Nobis under 28 U.S.C. § 1651 challenging his guilty plea-conviction, and the below guidelines-sentence he received. Defendant relies on the United States Supreme Court's recent ruling in *Alleyne v. United States*, 133 S.Ct. 2151 (June 17, 2013) as the basis for his claim.

II.
THE WRIT OF CORAM NOBIS

A writ of coram nobis is designed to redress errors "of fundamental character, that is, such as rendered the proceeding itself irregular and invalid." *United States v. Mayer*, 235 U.S. 55, 69, 35 S.Ct. 16, 19-20, 59 L.Ed.2d 129 (1914). The writ is available to individuals who are no longer in custody and who seek to vacate a criminal conviction in circumstances where the

individual "can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 533 (5th Cir. 2004) (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)).  The writ is an extraordinary remedy and is appropriate "only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed.2d 248 (1954).  Because of its extraordinary nature, a petitioner for a writ of coram nobis "bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct." *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (citing *Morgan*, 346 U.S. at 512, 74 S.Ct. at 253).

The first requirement of any person petitioning for a writ of coram nobis is that the person is "no longer in custody." *Jimenez*, 91 F.3d at 768; *see United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998); *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) ("A prisoner in custody is barred from seeking a writ of error coram nobis.").  Under the case law of this and other circuits the term "in custody" includes both periods of incarceration *and* periods of supervised release or parole.  *See Pack v. Yusuff*, 218 F.3d 448, 454 n. 5 (5th Cir.2000) ("Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction") (citing *Jones v. Cunningham*, 371 U.S. 236, 241-43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (holding parole meets custody requirement)); *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (holding a person serving a term of supervised release is "in custody" within the meaning of 28 U.S.C. § 2255).

Here, defendant is currently serving his 188-month sentence and is "in custody" pursuant to that sentence.  Consequently, a writ of coram nobis is not available as an avenue for relief.

*See id.*; *United States v. Reed*, No. 09-10989, 2010 WL 1948366, at *1 (5th Cir. May 14, 2010) (holding "It is undisputed that [petitioner] was in custody when he sought coram nobis relief and is still in custody. The district court did not err in finding that the writ of coram nobis is not an avenue of relief available to him."). Because defendant is in custody for purposes of a writ of coram nobis, this Court lacks jurisdiction to consider the merits of the petition. *See United States v. Esogbue*, 357 F.3d 532, 534–35 (5th Cir. 2004) (recognizing custody status is a factor in whether the court has jurisdiction over a writ of error coram nobis). The petition for coram nobis relief is premature and the claims made by defendant are not cognizable in this action.

### III.
### SUBSTITUTE FOR A MOTION TO VACATE

Coram nobis is not a substitute for other available remedies and may be used to correct only the most fundamental errors. *Cf. United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (not a substitute for appeal). The writ should issue only when there are "sound reasons . . . for failure to seek appropriate earlier relief." *Id.* The presentation of claims that reasonably could have been raised by other means, does not amount to "the necessary showing of a complete miscarriage of justice." *Id.*

The relief defendant seeks is available only under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000); *see also Marroquin v. United States*, 481 Fe.d Appx. 235, *236 (5th Cir. September 26, 2012). Defendant may not substitute coram nobis for a section 2255 motion. Accordingly, defendant's petition should be dismissed.

### IV.
### ARGUMENT LACKS MERIT

Even if defendant were to file a section 2255 motion to vacate alleging sentencing error under *Alleyne*, there is no indication in *Alleyne* that the Supreme Court made its holding

retroactive to cases on collateral review. While the Fifth Circuit has not yet ruled on this issue, the courts that have addressed it have all held that *Alleyne* is not retroactive to cases on collateral review. *Landry v. United States*, 2013 WL 5555122 n. 1 (W.D. Tex. October 4, 2013) (*see* cases cited therein). Additionally, "*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Supreme Court has held that other rules based on *Apprendi* do not apply retroactively on collateral review." *Mitchell v. United States*, 2013 U.S. Dist. LEXIS 120755, at *6 (W.D.Tex. Aug. 26, 2013). *See also Schriro v. Summerlin*, 542 U.S. 348, 124, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). Consequently, *Alleyne* does not afford defendant any retroactive relief.

Further, defendant ACOSTA entered a guilty plea and waived his right to have a trial by jury. Consequently, although *Alleyne* held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt, defendant waived his right to a jury trial when he pled guilty. Defendant ACOSTA also admitted to possessing 7.927 kilograms of 99.6% pure methamphetamine in the Factual Resume. In addition, there was no element present in this case that raised or increased defendant's mandatory minimum sentence of 10 years, and *Alleyne* is not applicable. A motion to vacate under section 2255 asserting a claim to relief under *Alleyne* would be meritless.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Coram Nobis filed by defendant DANIEL ACOSTA should be DISMISSED.

VI.
INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO OBJECT

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1st day of November 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C) or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).